Shauck, J.
The provisions of the code afford no reason for the numbering of the several averments of the petition which relate to the same cause of action. Whether there are different causes of action which should have been separately stated *461 and numbered we need not consider, no motion to require it having been made. The common pleas court did not err in sustaining the motion to strike from the petition the averment numbered nine. The admission of the defendants that the account presented to them of the articles sold and delivered was correct did not foreclose inquiry as to its correctness. The remaining averments of the petition fully tender the issues upon which the plaintiff’s right to recover for the several items of his claim would be determined. The admission alleged was, at most, but part of the evidence by which the plaintiff would maintain the issues on his part, and the averment is within the rule that evidence should not be pleaded.
The demurrer calls in question the authority of the trustees of the gas works to make valid contracts for machinery, apppliances and supplies deemed necessary to the operation of the works. Their authority, as well as that of the municipal council over the subject matter, is found in Chapter 3, Division 8 and Title XII of the Revised Statutes. Section 2486 provides that the council of any city or village shall have power to erect gas works, or to purchase such works already erected. Section 2487 provides that when such works have been purchased, erected or authorized the city council “shall create and appoint a board of trustees * * * which shall construct said works according to plans and specifications to be furnished by the council and shall manage such works when they shall have been constructed or purchased.”
Section 2489, which defines the powers and duties of the trustees with more particularity, provides that “the board may construct gas works, extend gas pipes, manufacture and sell gas and coke, *462 collect gas bills and other moneys, due for gas, coke or other material sold by it * * * ; and to carry into effect the provisions of this section said trustees may also purchase material, employ laborers, appoint officers, purchase or lease the necessary real estate and erect buildings thereon * * * * and all money collected for gas works purposes shall be deposited weekly, by the collectors thereof, with .the treasurer of the corporation * * * ; and all money so deposited shall be kept as a separate and distinct fund, subject to the ordey of the board; and all moneys levied or assessed by the corporation for the purpose of paying for public lighting shall be by the council paid and turned over to such trustees and be by them disbursed the sanie as if it had been received from private individuals * * * .”
These sections are found in the same chapter of the Revised Statutes and they relate to the saíne subject matter. They should be construed together so that, if it is possible, apparently repugnant provisions may be brought into harmony. Reading the sections with that object in view it appears to be quite clear that the authority to contract which was conferred upon the trustees by section 2489 is not in conflict with, but in subordination to, the authority for that purpose which section 2486 confers upon the council. The trustees are not vested with authoritv to levy taxes or assessments upon the property of the citizens of the municipality, nor to accomplish that purpose indirectly by the creation of general obligations against it. Their authority to erect works is limited to cases where it may be accomplished by the use of funds raised by the council and authorized to be devoted to that purpose as con *463 templated by section 2487, or. those funds which are realized from the operation of gas works under section 2489. This limitation upon the authority of the trustees is clearly indicated by the provision that “the council * * * shall have power whenever it may be deemed expedient and for the public good, to erect gas works at the expense of the corporation, ” etc.
But while the trustees are denied the power to erect the gas works “at the expense of the corporation,” the terms of section 2489 vest them with the absolute control of the moneys arising from the operation of the works without any revisory authority in the council. It is for this purpose that moneys so arising are required to be kept as a distinct fund. There is no limitation or restriction to the provision that said fund “shall be subject to the control of the board,” nor is there any other provision of the statute inconsistent with the general terms in which the control of the fund so arising from the operation of the gas works is vested in the trustees. It follows that while the trustees are without authority to enter into a contract effectual to create a general liability of the municipality, they have power to contract with ref" erence to that particular fund for the purchase of such machinery, material and supplies as may be necessary to the operation of the works.
Nor are the trustees in the exercise of this authority restricted by the provisions of section 2702 of the Revised Statutes that “No contract, agreement or other obligation, involving the expenditure of money shall be entered into, nor shall any ordinance, resolution or order for the appropriation or expenditure of money be passed by the *464 city council or by any board or officer of a municipal corporation, unless the auditor of the corporation, and if there is no auditor, the clerk thereof, shall first certify that the money required for the contract, agreement or other obligation, or to pay the appropriation or expenditure, is in the treasury to the credit of the fund from which it is to be drawn, and not appropriated for any other purpose * * Not only was this requirement of the statute designed to place a restriction upon the increase of municipal indebtedness but its terms are inapplicable to a contract of this character. The requirement is that the certificate must show that the money required for the contract is in the treasury to the credit of the fund and not appropriated for any other purpose. The fund from which the plaintiff is entitled to satisfaction of his demand is not raised by taxation. It is derived from the operation of the gas works and made subject to the order of the board whose authority is so limited that they can make valid contracts only for appliances and supplies for the gas works to which the fund is devoted. The fund can be appropriated to no other purpose, and the trustees can contract for no other purpose.
It follows that although the petition does not allege facts which show the general legal liability of the city, it does state a cause of action in equity for the appropriation of so much of the fund which has accrued, or may accrue, from the operation of the gas works as may be necessary to satisfy the plaintiff’s demand.

Judgment of the common pleas and circuit courts reversed.